```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

YORKSHIRE COURT CONDOMINIUM              CIVIL ACTION
ASSOCIATION

VERSUS                                   NO: 06-8612

STATE FARM FIRE & CASUALTY               SECTION: "A" (3)
CO., ET AL.
```

**ORDER**

Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Yorkshire Court Condominium Association ("Plaintiff"). Defendant State Farm Fire & Casualty Co. opposes the motion. The motion, set for hearing on February 7, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff, a citizen of Louisiana, initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm") and Amy Falcon Insurance Agency ("Amy"), also a Louisiana citizen.[1] Plaintiff alleges that State Farm has in bad faith refused to pay for all of its hurricane-related damages. Plaintiff alleges that Amy, its insurance agent, failed to procure adequate insurance

---

[1] Plaintiff also sued AAA Contractors, a "nominee corporation." (Pet. ¶ II). For purposes of determining subject matter jurisdiction at the time of removal the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C.A. § 1441(A) (West 2006).

coverage for the property.

State Farm removed the suit to this Court alleging diversity jurisdiction because Plaintiff has improperly joined Amy in order to defeat federal jurisdiction. State Farm argues that Plaintiff cannot state a claim against Amy under the facts alleged and that the claims against Amy are perempted. State Farm also alleges federal question jurisdiction asserting that Plaintiff is making a flood claim.[2] Plaintiff moves to remand the case.

## II. DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. Kennedy Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6)

---

[2] State Farm also removed based on the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). The MMTJA does not provide a basis for State Farm to remove this suit. See Berry v. Allstate, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Case v. ANPAC La. Ins. Co., No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.).

because for an improper joinder analysis the court's review is not limited to the pleadings.  See id. at 462-63.  Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence.  Id. at 463 (citing Travis, 326 F.3d at 648-49).

The crux of Plaintiff's complaint against Amy is that it did not procure adequate coverage on behalf of Plaintiff or advise Plaintiff that its coverage should be increased.  This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits.  Parker v. Lexington Insurance Co., No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006).  However, Plaintiff specifically alleges that Amy was engaged to act as its agent in retaining coverage suitable to cover the property in its entirety.  (Pet. ¶ XX).  In other words, Plaintiff alleges that Amy undertook a duty that Louisiana law would not otherwise impose.  State Farm has submitted an affidavit from Amy in which the agent denies Plaintiff's factual contentions.  The Court must evaluate all contested facts in the light most favorable to Plaintiff.  In re Rodriquez, 79 F.3d 467, 469 (5th Cir. 1996).  Thus, the Court cannot conclude that Plaintiff has failed to state a claim against these in-state defendants under Louisiana law.

La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.*** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis added). Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Id. § 5606(D). Peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

Plaintiff filed the instant suit on August 28, 2006. Plaintiff alleges that within the last year it requested specific changes to its policy but that Amy failed to procure the requested coverage. (Pet. ¶ XVIII). Consequently, the Court cannot find conclusively that Plaintiff's claims against Amy are perempted.

4

Further, nothing in the petition suggests that Plaintiff is attempting to recover based on a flood policy as opposed to its homeowner's policy.  The case is not removable based on federal question jurisdiction.  However, the record does contain evidence that this Plaintiff had a flood policy in effect.  If Plaintiff attempts to recover on the flood policy in this litigation once the case is pending in state court, State Farm will be entitled to re-remove the case based on federal question jurisdiction.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Yorkshire Court Condominium Association should be and is hereby **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

February 2, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE